UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JOSHUA G. FENSTERSTOCK, an individual, on his own behalf and on behalf of all similarly situated, | : <br> :    Civil Action No. 08-CV-3622-TPG <br> : |
| Plaintiff, | : |
| v. | : |
| EDUCATION FINANCE PARTNERS, a California corporation, and AFFILIATED COMPUTER SERVICES, INC., a Delaware Corporation, | : <br> : <br> : |
| Defendants. | : |

---

**ANSWER OF DEFENDANT EDUCATION FINANCE PARTNERS
TO PLAINTIFF'S CLASS ACTION COMPLAINT**

Pursuant to Fed. R. Civ. P. 8(a) and 12(a), Defendant Education Finance Partners ("EFP") hereby answers Plaintiff's Class Action Complaint ("Complaint") and asserts its defenses. In response to all paragraphs of the Complaint, EFP denies each and every allegation except as expressly admitted. EFP replies specifically to Plaintiff's averments as follows:

1. EFP admits that Plaintiff purports to bring a putative class action against EFP and Defendant Affiliated Computer Systems, Inc. ("ACS"). All remaining allegations of paragraph 1 are denied.

2. EFP lacks sufficient knowledge or information to admit or deny the allegations regarding any communication between Plaintiff and ACS. All remaining allegations of paragraph 2 are denied.

3. EFP admits that Plaintiff executed a promissory note in connection with his EFP private consolidation loan and refers the Court to that note for its contents. EFP admits that

certain of Plaintiff's monthly payments have been applied entirely to unpaid interest on his loan, pursuant to the terms of his note. All remaining allegations of paragraph 3 are denied.

4. EFP admits that it is a Delaware corporation with its headquarters located in San Francisco, California. EFP admits that Plaintiff purports to bring a putative nationwide class action pursuant to Cal. Bus. & Prof. Code §§ 17200 and 17500, and for breach of contract and common law fraud. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 4 regarding ACS. The remaining allegations of paragraph 4 are conclusions of law as to which no responsive pleading is required. To the extent an answer is deemed required, the allegations are denied.

5. The allegations of paragraph 5 are conclusions of law as to which no responsive pleading is required. To the extent an answer is deemed required, the allegations are denied.

6. EFP admits that on August 8, 2006, Plaintiff executed a Loan Application and Promissory Note for a private consolidation loan to refinance Plaintiff's private student loans. EFP further admits that, pursuant to that note, Plaintiff received a loan of $52,915.49 at a fixed interest rate of 9.32% per annum. EFP admits that Plaintiff has made monthly payments, that some of the payments were timely, and that some of the payments were not timely. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 6 regarding Plaintiff's citizenship. All remaining allegations of paragraph 6 are denied.

7. EFP admits that it is a Delaware corporation with its headquarters located in San Francisco, California and that, pursuant to agreements with Union Bank of California, N.A., EFP markets, originates, and provides private student loans for students at accredited undergraduate, graduate, and professional Title IV degree-granting non-profit colleges and universities in the United States. All remaining allegations of paragraph 7 are denied.

8. EFP admits that it entered into an agreement with ACS for ACS to perform origination and servicing on EFP loan programs. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 8.

9. EFP admits that Plaintiff purports to bring his claims on behalf of the class described in paragraph 9. EFP denies that this case can be properly maintained as a class action.

10. Denied.

11. Denied.

12. EFP admits that the provisions of the Promissory Note executed by Plaintiff are governed by federal law and California law. Unless or until a class is certified, EFP lacks sufficient information to admit or deny the allegations in paragraph 12 concerning putative class members. All remaining allegations of paragraph 12 are denied.

13. Unless or until a class is certified, EFP lacks sufficient information to admit or deny the allegations in paragraph 13 concerning putative class members. All remaining allegations of paragraph 13 are denied.

14. Denied.

15. Denied.

16. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 16, which concern Plaintiff's anticipations. To the extent an answer is deemed required, the allegations of paragraph 16 are denied.

17. EFP admits that students pursuing higher education in the United States have several options for borrowing money to fund their education, including federal student loans and private student loans. All remaining allegations of paragraph 17 are denied.

18. EFP admits that federal student loans are regulated by the federal government and refers the Court to such regulations for their contents. EFP further admits that some such loans are subsidized and insured by the federal government. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 18, which concern loans made by entities other than EFP.

19. EFP admits that, pursuant to agreements with Union Bank of California, EFP provides private student loans to students and families outside of federal student loan programs, and that such loans are not subsidized or insured by the federal government. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 19, which concern loans provided by entities other than EFP.

20. EFP admits that, pursuant to agreements with Union Bank of California, EFP provides private consolidation loans, in which one or more private student loans are consolidated into a single new loan with its own loan terms. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 20, which concern loans provided by entities other than EFP.

21. EFP admits that private student loans differ from federal student loans in certain respects, and that certain federal requirements applicable to federal student loans do not apply to private student loans. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 21.

22. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 22.

23. EFP admits that it in 2006, its affiliate Education Funding 2006-1 LLC closed a securitization involving more than $340 million in private student-loan asset-backed floating-rate

notes. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 23, which concern lenders generally.

24. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 24.

25. EFP admits that on August 8, 2006, Plaintiff executed a Loan Application and Promissory Note for a private consolidation loan provided through EFP. Regarding Plaintiff's allegation of language in the note, EFP refers the Court to the note, which speaks for itself. EFP lacks sufficient knowledge or information to admit or deny the remaining allegations in paragraph 25.

26. EFP refers the Court to the note, which speaks for itself.

27. EFP admits that pursuant to the note, Plaintiff received a loan for $52,915.49 at a fixed interest rate of 9.32% per annum.

28. EFP refers the Court to the note, which speaks for itself.

29. EFP states that ACS performed servicing on Plaintiff's loan and, for that reason, EFP lacks sufficient knowledge or information to admit or deny the allegations of paragraph 29.

30. EFP admits that Plaintiff has made some of his monthly payments by the required time, and that Plaintiff has not been charged a late fee or been declared in default of the terms of his note. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 30 regarding what Plaintiff has or has not received. All remaining allegations of paragraph 30 are denied.

31. Denied.

32. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 32.

33. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 33 regarding Plaintiff's communications with ACS. All remaining allegations of paragraph 33 are denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. EFP admits that the note Plaintiff executed contains an arbitration agreement. EFP refers the Court to the note and the arbitration agreement therein, which speak for themselves.

40. Denied.

41. EFP admits that it or its agent drafted the note that Plaintiff executed. All remaining allegations of paragraph 41 are denied.

42. Denied.

43. Denied.

44. EFP incorporates by reference the responses to paragraphs 1 through 43 set forth in this Answer.

45. EFP admits that Plaintiff entered into a contract to receive a private consolidation loan from Union Bank of California, N.A., pursuant to agreements with EFP, and that ACS performs the servicing of Plaintiff's loan. All remaining allegations of paragraph 45 are denied.

46. EFP admits that the note is a binding contract. All remaining allegations of paragraph 46 are denied.

47. Denied.

48. Denied.

49. EFP incorporates by reference the responses to paragraphs 1 through 48 set forth above in this Answer.

50. Defendant refers the Court to the text of California Bus. & Prof. Code §§ 17500 et seq., which speaks for itself.

51. Denied.

52. Denied.

53. Denied.

54. EFP incorporates by reference the responses to paragraphs 1 through 53 set forth above in this Answer.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. EFP incorporates by reference the responses to paragraphs 1 through 58 set forth above in this Answer.

60. EFP admits that it or its agent drafted the note that Plaintiff executed.  EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 60 regarding ACS.  All remaining allegations of paragraph 60 are denied.

61. Denied.

62. EFP lacks sufficient knowledge or information to admit or deny the allegations in paragraph 62 regarding monthly statements issued by ACS. All remaining allegations of paragraph 62 are denied.

63. Denied.

64. Denied.

## ADDITIONAL DEFENSES

As additional defenses, Defendants state:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff is barred from litigating his claims because they are subject to arbitration pursuant to the terms of the note.

### THIRD DEFENSE

Plaintiff's prior breach of contract precludes him from seeking relief for any alleged contractual breach by EFP.

### FOURTH DEFENSE

Upon information and belief, Plaintiff has failed to take reasonable steps to protect himself from any damage he may sustain as a result of Defendants' alleged conduct and has failed to mitigate any such damage.

### FIFTH DEFENSE

Upon information and belief, any damages to Plaintiff, if any, were caused by the conduct of others.

**SIXTH DEFENSE**

Any violation or error complained of, if it occurred, was unintentional or the result of a bona fide clerical error, notwithstanding the maintenance of procedures reasonably adopted to avoid such violation or error.

**SEVENTH DEFENSE**

EFP acted in good faith and did not willfully or otherwise violate the law.

**EIGHTH DEFENSE**

Plaintiff lacks standing to pursue his claims.

**NINTH DEFENSE**

Plaintiff's claims are not ripe for adjudication because Plaintiff alleges only future injury from Defendants' alleged conduct.

**TENTH DEFENSE**

Plaintiff has failed to plead fraud with the requisite particularity.

**ELEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, or consent.

**TWELFTH DEFENSE**

The claims of putative class members are barred by their agreement to resolve their disputes through arbitration.

**THIRTEENTH DEFENSE**

In the event of certification of a class, EFP reserves the right to advance additional defenses particular to class members.

## FOURTEENTH DEFENSE

Defendants reserve the right to identify and assert any additional defenses as they may become apparent through discovery or otherwise.

## PRAYER FOR RELIEF

WHEREFORE, EFP respectfully requests the following relief:

1. Plaintiff and the purported class take nothing by virtue of the complaint;

2. Judgment be entered in favor of EFP;

3. EFP be awarded its costs and attorneys' fees;

4. EFP receive any other relief the Court deems just and proper.

Respectfully submitted,

Dated: June 16, 2008           By:   /s/ Noah A. Levine
       New York, New York             Noah A. Levine
                                      WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                      399 Park Avenue
                                      New York, NY 10022
                                      Tel: 212-230-8800
                                      Fax: 212-230-8888
                                      noah.levine@wilmerhale.com

                                      Michelle Ognibene
                                      WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                      1875 Pennsylvania Avenue, NW
                                      Washington, DC 20006
                                      Tel: 202-663-6807
                                      Fax: 202-663-6363
                                      michelle.ognibene@wilmerhale.com

                                      Attorneys for Defendant
                                      Education Finance Partners